# King v. Rowland.

Feb. 9, 1943.

R. L. Pope and O. W. Black for appellant.

M. A. Gray, Smith & Leary and Amos H. Eblen for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—
Affirming.

Appellant, a citizen and taxpayer of the city of Corbin, instituted this action against appellees, Bert Rowland, Ed Shotwell, and Maynard Karr, who constitute the board of commissioners of that city, seeking an injunction to mandatorily require the board to appoint a city utility commission in accordance with the provisions of section 3480d-20, Carroll's Kentucky Statutes. The chancellor sustained a demurrer to the petition as amended, and upon failure of the plaintiff to plead further, the petition was dismissed.

There are two methods by which a city of the third class may acquire, construct, or extend electric and water plants. The plan to be adopted depends largely upon whether the funds for defraying the cost of the work are to be raised by the sale of revenue bonds or by the sale of direct obligation bonds. The procedure to be followed in the former is set out in section 3480d-1 et seq., Carroll's Kentucky Statutes. In proceeding under these sections of the Statutes the bonds may be issued without first gaining the assent of a majority of the voters, unless a petition signed by 200 qualified voters of the city (in the case of a power plant) or by 25 per cent of the qualified voters (in the case of a water plant) be filed calling for an election on the question. The 1936 amendment to section 3480d-1 et seq., (chapter 77, Acts of 1936) in so far as it provides for an election to be held before issuance of the bonds has been declared to be unconstitutional. Booth v. City of Owensboro, 275 Ky. 491, 122 S. W. (2d) 118; Eagle v. City of Corbin, 275 Ky. 808, 122 S. W. (2d) 798. Section 3480d-20 provides that any city operating electric plants under the provisions recited above shall appoint a city utility commission to operate, manage and control the plant.

The alternate method for the acquisition or construction of such plants is authorized by sections 3284, 3290-5, and 3290a-1. Cities operating under this plan are required to submit the question of the acquisition of the plant to the voters of the city at an election to be held for that purpose; and are not required to appoint a city utility commission.

The purpose in the mind of the Legislature, in re-

quiring a city utility commission to be appointed to manage and control plants constructed from funds derived from the sale of revenue bonds, was to place the revenue derived from the operation of the plant under an authority which was not officially concerned with other financial problems of the city, and which, therefore, would not be tempted to divert such revenue to defray expenses of the general fund at the expense of sinking funds and surpluses required to be maintained under sections 3480d-1 to 3480d-22, inclusive. Since the holders of revenue bonds must look exclusively to the funds derived from the operation of the plant placed in lien to secure the payment of the bonds, the city utility commission, when appointed, acts as trustee for the bondholders and the latter are entitled to have such revenue preserved and used in accordance with the provisions of the statute, which it is alleged in the petition is not being done. Such precaution is not necessary in the event the plant is built from the sale of direct obligation bonds because the latter are secured by a levy on all the taxable property of the city.

The petition in this case fails to allege facts sufficient for us to determine under which plan the city of Corbin, which is a city of the third class, is operating the plant appellant is seeking to have placed in control of a city utility commission. The legal conclusion of the pleader that it is the duty of the board of commissioners to appoint a utility commission is not a sufficient averment that the plant in question is being operated under the first plan recited above. In the case of Eagle v. City of Corbin, supra, this court approved as valid revenue bonds authorized to be issued for the purpose of reconstructing a unified plant for the distribution of electricity and water in the city of Corbin. There is no allegation in the petition that the plant under consideration in this case is the same one built, if one has been built, from funds derived from the sale of bonds approved in the Eagle case. Nor is there any allegation that the plant was built from funds derived from the sale of bonds issued pursuant to the provisions of sections 3480d-1 to 3480d-22, inclusive. The chancellor therefore properly sustained a demurrer to the petition as amended.

Wherefore, the judgment is affirmed.